**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

FREDERICK V. WILLIAMS,

    Plaintiff,

    v.

CHARLOTTE COLLINS et al.,

    Defendants.

2:14-cv-1144-RCJ-NJK

**SCREENING ORDER**

Plaintiff, who is an inmate in federal custody at the Nevada Southern Detention Center ("NSDC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*. (ECF No. 1-1, 3). The Court now screens Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A.

**I.     SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner[1] seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by

---

[1] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(a).

a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there

are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*  "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.   SCREENING OF COMPLAINT

In the complaint, Plaintiff sues multiple defendants for events that took place while Plaintiff was incarcerated at the Nevada Southern Detention Center ("NSDC"), a Corrections Corporation of America facility, in Pahrump, Nevada.[2]  (ECF No. 1-1 at 1).  Plaintiff sues Warden Charlotte Collins, Nevada Southern Detention Center, and Corrections Corporation of America.  (*Id.*).  Plaintiff alleges two counts and seeks injunctive relief.  (*Id.* at 5, 9).

The complaint alleges the following: Since January 2013, Plaintiff has been detained at NSDC and is awaiting trial.  (*Id.* at 3-4).  Plaintiff has repeatedly complained that the law library is inadequate because immigrant detainees have no access to immigration case law or research material.  (*Id.* at 4).  The warden refuses to provide the resources and responds that, pursuant to the facility's contract with the U.S. Marshal Service, NSDC does not have to provide immigration law resources.  (*Id.*).  The denial of these resources has had an adverse effect on Plaintiff because he was denied his motion to the immigration court and to the Board of Immigration Appeals.  (*Id.*).  Plaintiff asserts that, had the facility provided immigration law

---

[2] NSDC contracts with the U.S. Marshal's service for federal pretrial detention.  *See* CCA at http://www.cca.com/facilities/nevada-southern-detention-center (last visited on November 6, 2014); *see also* U.S. Marshals Service at http://www.usmarshals.gov/prisoner/index.html (last visited on November 6, 2014).

1 resources, he would have known about the procedures required to access the immigration
2 courts. (*Id.*). Plaintiff asserts that, without a change in policy, Plaintiff will be further prejudiced
3 because he "anticipates" an appeal of his immigration case to the Ninth Circuit Court of
4 Appeals. (*Id.*).

5       Additionally, NSDC's indigent policy forces Plaintiff to chose between printing motions
6 and/or purchasing personal hygiene items. (*Id.* at 5). The facility has an indigent policy of
7 $3.00 per 30-day period. (*Id.*). Plaintiff works as a porter at the facility and earns $5.90 per
8 week and, thus, can never be considered indigent. (*Id.*). Because Plaintiff is not indigent he
9 must choose between purchasing personal hygiene items or printing out his pro se motions.
10 (*Id.*). Plaintiff asserts that this policy "also means that the plaintiff who is defending himself in
11 his criminal case is never able to purchase adequate phone time necessary to make important
12 phone call[s] to gather information necessary" to his defense. (*Id.*). Plaintiff alleges a denial
13 of the right to access the courts. (*Id.* at 4-5).

14       As an initial matter, although the Supreme Court has limited an inmate's ability to bring
15 a *Bivens*[3] damages action against a private entity under contract with the federal government
16 and its employees, the Supreme Court has acknowledged an inmate's ability to bring a suit
17 to federal court for injunctive relief against the federally contracted private entity. *See Corr.*
18 *Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001) (holding that inmates have full access to
19 remedial mechanisms established by the federal agency, including suits in federal court for
20 injunctive relief). In this case, Plaintiff only seeks injunctive relief. (*See* ECF No. 1-1 at 9).

21       Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518
22 U.S. 343, 346 (1996). This right "requires prison authorities to assist inmates in the
23 preparation and filing of meaningful legal papers by providing prisoners with adequate law
24 libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S.
25 817, 828 (1977). This right, however, "guarantees no particular methodology but rather the

---

[3] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).

4

conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis*, 518 U.S. at 356. It is this "capability, rather than the capability of turning pages in a law library, that is the touchstone" of the right of access to the courts. *Id*. at 356-57.

To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury, a jurisdictional requirement that flows from the standing doctrine and may not be waived. *Id*. at 349. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id*. at 348. Delays in providing legal materials or assistance that result in actual injury are "not of constitutional significance" if "they are the product of prison regulations reasonably related to legitimate penological interests." *Id*. at 362. The right of access to the courts is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 actions. *Id*. at 353 n.3, 354-55.

The Court finds that Plaintiff fails to state a colorable claim for denial of access to the courts based on the lack of immigration law resources at NSDC. Plaintiff is attempting to allege actual injury in his immigration proceedings. However, immigration proceedings are not non-frivolous direct criminal appeals, habeas corpus proceedings, or § 1983 actions. Additionally, Plaintiff fails to allege a colorable denial of access to the courts claim with respect to the indigent policy at NSDC. Again, Plaintiff has not demonstrated that he has suffered actual injury and instead speaks hypothetically about a *pro se* criminal defendant who may one day be affected by this policy. These claims are dismissed with prejudice, as amendment would be futile.

**IV.     CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the application to proceed *in forma pauperis* (ECF No. 3) is denied as moot.

IT IS FURTHER ORDERED that the Clerk of the Court shall file the complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that the complaint is dismissed in its entirety for failure to

5

state a claim, with prejudice, as amendment would be futile.

IT IS FURTHER ORDERED that this Court certifies that any *in forma pauperis* appeal from this order would **not** be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

The Clerk of the Court shall enter judgment accordingly.

DATED: This 11th day of February, 2015

_____
United States District Judge